**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**Debtor(s)**   Shareika M Campbell                             Case No. 5:19-bk-72293

# Arkansas Chapter 13 Plan
(Local Form 13-1)

Original Plan ☒       Amended Plan ☐       **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:
_____

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.
_____

_____

The Amended Plan is filed:    ☐ Before confirmation
                              ☐ After confirmation

## Part 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.**

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions):
  United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions):
  United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☒ **Original plan filed *at the time* the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

☐ **Original plan filed *after* the petition is filed or amended plan (only if filed *prior* to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☐ **Amended plan:** Within 21 days after the filing of the amended plan.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☒ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1  The debtor(s) will make regular payments to the trustee as follows**:
*Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $362.00 per month to the trustee. The plan length is 36 months.

The following provision will apply if completed:

Plan payments will change to $_____ per month beginning on _____.

Plan payments will change to $_____ per month beginning on _____.
(*Use additional lines as necessary.*)

**Amended plan:** Plan payments will change to $_____ per month beginning on the later of the date of filing of the amended plan or _____. The plan length is _____ months.

The following provision will apply if completed:

Plan payments will change to $_____ per month beginning on _____.

Plan payments will change to $_____ per month beginning on _____.
(*Use additional lines as necessary.*)

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2  Payments shall be made from future income in the following manner:**

Name of debtor Shareika M Campbell

☒ Direct pay of entire plan payment or _____ (portion of payment) per month.

☐ Employer withholding of ____ per month.
Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ other
If other, please specify: _____

Employer name
Address

Phone

Name of debtor

☐ Direct pay of entire plan payment or _____ (portion of payment) per month.

☐ Employer withholding of $_____ per month.
Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ other
If other, please specify: _____

Employer name  _____
Address  _____
_____
Phone  _____

**2.3  Income tax refunds.**

*Check one.*

☒ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below.  The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4  Additional payments.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

# Part 3: Treatment of Secured Claims

**3.1  Adequate Protection Payments.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ **T**he debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed.  Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| Credit Acceptance | 2014 Kia Forte | 30.00 | ☒ Preconfirmation<br>☒ Postconfirmation |
| Santander Consumer USA | 2011 Kia Sorento | 40.00 | ☒ Preconfirmation<br>☒ Postconfirmation |
|  |  |  | ☐ Preconfirmation<br>☐ Postconfirmation |

**3.2  Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**

*Check one.*
☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules.  Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|
| | | | ☐ Debtor(s) <br> ☐ Trustee | | | |
| | | | ☐ Debtor(s) <br> ☐ Trustee | | | |
| | | | ☐ Debtor(s) <br> ☐ Trustee | | | |

**3.3 Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ Claims listed in this subsection consist of debts that were:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s) ("910 car claims"), or
(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value ('PMSI within one year").

The creditors below will retain their liens and secured claims will be paid in full under the plan at the monthly payment and interest at the rate stated below. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below, except as to value, interest rate and monthly payment.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/ estimated claim | Value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|
| Aaron's | Electronics | | $779.60 | $779.60 | 5.5% | $24 |
| | | | | | | |
| | | | | | | |

**3.4 Claims for which § 506 valuation is applicable**. **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if there is a check in the box "included" in § 1.1.***

   The debtor(s) request that the court determine the value of the collateral securing the claims as listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the collateral securing the claim should be as set out in the column headed *Value of collateral.* For secured claims of governmental units, unless otherwise ordered by the court, the value of the collateral securing the claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

Secured claims will be paid the lesser of the amount of the claim or the value of the collateral with interest at the rate stated below. The portion of any allowed claim that exceeds the value will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amount listed below, except as to value, interest rate and monthly payment.

The holder of any claim listed below as having value in the column headed *Value of collateral* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/ estimated claim | Value of collateral | Interest rate | Monthly payment | Estimated unsecured amount |
|---|---|---|---|---|---|---|---|
| Santander Consumer USA | 2011 Kia Sorento | | 15,797.41 | 3932.00 | 5.5% | $119 | $11865.41 |
| Credit Acceptance | 2014 Kia Forte | | 13,076.58 | 3394.00 | 5.5% | $102 | $9682.58 |
| | | | | | | | |

**3.5  Surrender of collateral.**

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor(s) surrender to each creditor listed below the collateral that secures the creditor's claim in accordance with 11 U.S.C. § 1325(a)(5)(C). The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the collateral only. No further payments are to be made to the creditor for the secured claim. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. Unless otherwise ordered by the court, to the extent that the debtor(s) become entitled to proceeds upon disposition of the collateral, the proceeds will be remitted to the trustee.

| Creditor and last 4 digits of account number | Collateral to be surrendered |
|---|---|
| | |
| | |

**3.6  Secured claims not provided treatment.**  In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

# Part 4: Treatment of Fees and Priority Claims

**4.1  General.**

Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

**4.2  Trustee's fees.**

The trustee's fees are governed by statute and may change during the course of the case.

**4.3  Attorney's fees.**

The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

    Amount paid to attorney prior to filing:    $ 300.00

    Amount to be paid by the trustee:    $ 3,200.00

    Total fee requested:    $ 3,500.00

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

    The initial fee and percentage rate requested in the application are $ 1,200.00 and 25 %, respectively.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated. For claims filed by governmental units, the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

| Creditor | Nature of claim (if taxes, specify type and years) | Estimated claim amount |
|---|---|---|
| | | |
| | | |

**4.5   Domestic support obligations.**

*Check one.*
☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

The name(s) and address(es) of the holder of any domestic support obligation are as follows.  *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).  ****If joint debtors, indicate which debtor has a domestic support obligation.****

| Name and address of holder | Paid to | Name of debtor obligated |
|---|---|---|
| | ☐ Holder<br>☐ Governmental unit, below | |
| | ☐ Holder<br>☐ Governmental unit, below | |

The following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

| Name and address of the governmental unit | Holder of the domestic support obligation | Name of debtor obligated |
|---|---|---|
| | | |
| | | |

**Continuing domestic support obligation payment.**

☐ The regular monthly support payment shall be paid by the debtor(s) directly and is included on Schedules I or J.

☐ The regular domestic support obligation monthly payment of $_____ shall be paid by the trustee as a continuing debt.

**Domestic support obligation arrearage payment.**

☐ The domestic support obligation arrearage claim will be paid by the trustee as listed below. Unless otherwise ordered by the court, the arrearage claim amount listed on the filed and allowed proof of claim will control over the total estimated arrearage amount listed below.

| Name and address of creditor | Total estimated arrearage amount | Monthly arrearage payment |
|---|---|---|
| | | |
| | | |

# Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims.**

Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below.** For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: _____
_____

*Check one, if applicable.*
☒ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other. Please specify _____.

**5.2 Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The unsecured claims designated below will be paid prior to payment of other nonpriority unsecured claims. The reason the claims are treated as "special" is stated below. These claims will be paid in full based on the filed and allowed proof of claim except as to monthly payment and interest rate, if any.

| Creditor and last 4 digits of account number | Debt amount | Monthly payment | Interest rate (if blank, no interest to be paid) | Reason for classification as special |
|---|---|---|---|---|
| | | | | |
| | | | | |

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The monthly installment payments will be paid on the following nonpriority unsecured claims for which the last payment is due after the final plan payment and any default in payments is cured. The payments will be disbursed by the trustee during the plan term. These claims will be paid in full based on the filed and allowed proof of claim except as to monthly payment and interest rate, if any. The debtor(s) will resume the monthly installment payments at the conclusion of the case.

| Creditor and last 4 digits of account number | Debt amount | Monthly payment | Interest rate (if blank, no interest to be paid) | Reason for classification as long term |
|---|---|---|---|---|
| | | | | |
| | | | | |

# Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1 Executory Contracts and Unexpired Leases.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

The executory contracts and unexpired leases listed below are assumed or rejected as indicated.
☒ **Assumed items.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by debtor(s), or by the trustee, as set forth below. Debtor(s) propose to cure any default by paying the arrearage on the assumed leases or contracts in the amount listed on the filed and allowed proof of claim, if contrary to the amount listed below.

| Creditor | Description of contract or property | Payment to be paid by | Payment amount | Number of remaining payments | Arrearage amount | Monthly arrearage payment |
|---|---|---|---|---|---|---|
| William Cameron | Residential Lease | ☒ Debtor(s)<br>☐ Trustee | $1100.00 | | | |
| Cox Communication | Internet | ☒ Debtor(s)<br>☐ Trustee | $10.00 | | | |
| | | Debtor | | | | |

☒ **Rejected items.** The debtor(s) reject the following executory contracts or unexpired leases. The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the property only. No further payments are to be made to the creditor on the contract or lease. However, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.

| Creditor and last 4 digits of account number | Description of contract or property |
|---|---|
| **T-Mobile** | **Cell phone contract** |
| | |

**6.2  Sale of assets.**

*Check one.*
☒ **None.** If "None" is checked, the rest of § 6.2 need not be completed or reproduced.

☐ The debtor(s) propose to sell the described real or personal property after notice and court approval on the following terms and will commit the proceeds as indicated. The debtor(s) also make the provisions listed below if the sale of the property does not ultimately occur.

| Creditor | Property to be sold | Terms of sale | Provision for proceeds and if property does not sell |
|---|---|---|---|
| | | | |

**6.3  Claims not to be paid by the trustee.**

*Check one.*
☒ **None.** If "None" is checked, the rest of § 6.3 need not be completed or reproduced.

☐ The following claims are to be paid directly to the creditor by the debtor(s) and not by the trustee. These claims include home mortgage, lease payments, and debts actually being paid by a party other than the debtor(s) (who is liable for the debt) from property that is not property of the estate.

| Creditor | Payment to be paid by | Description of property/nature of obligation |
|---|---|---|
| | ☐ Debtor(s)<br>☐ Other _____ | |
| | ☐ Debtor(s)<br>☐ Other _____ | |

**6.4  Postpetition claims.**

*Check one.*
☒ **None.** If "None" is checked, the rest of § 6.4 need not be completed or reproduced.

☐ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

## Part 7: <u>Vesting of Property of the Estate</u>

**7.1 Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

☐ plan confirmation.

☒ entry of discharge.

☐ other: _____

## Part 8: <u>Nonstandard Plan Provisions</u>

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

***Under Bankruptcy Rule 3015.1(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.***

**8.1** *The following plan provisions will be effective only if there is a check in the box "included" in § 1.2.*

1. To receive payment from the Trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule §3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

2. Confirmation of this Plan does not bar a party in interest from objection to a claim which is not filed in accordance with Federal Bankruptcy Rules §3001 or §3002.

3. Property of the estate includes all the property specified in 11 USC §541 and all property of the kind specified in such section acquired by the debtor after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code. All property of the debtor remains vested in the estate until completion of the plan.

4. All contractual provision regarding arbitration or alternative dispute resolution is rejected in connection with the administration of this Chapter 13 case.

## Part 9: <u>Signatures</u>

**By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.**

<u>**/s/ Todd F Hertzberg**</u>    Date **August 22, 2019**
**Signature of Attorney for Debtor(s)**

<u>**/s/ Shareika M Campbell**</u>    Date **August 22, 2019**

**Signature(s) of Debtor(s)**
**(required if not represented by an attorney; otherwise optional)**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| IN RE: Shareika M Campbell | CASE NO: 19-72293 |
| | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 13 |

On 8/22/2019, I did cause a copy of the following documents, described below,

Chapter 13 Plan and Notice

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 8/22/2019

/s/ Todd F. Hertzberg
Todd F. Hertzberg  2008268
Hertzberg Law Firm of Arkansas, P.A.
4285 N Shiloh Dr, Ste 108
Fayetteville, AR  72703
479 303 5555

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| IN RE: Shareika M Campbell | CASE NO: 19-72293 |
| | **CERTIFICATE OF SERVICE** |
| | **DECLARATION OF MAILING** |
| | Chapter: 13 |

On 8/22/2019, a copy of the following documents, described below,

Chapter 13 Plan and Notice

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/22/2019

*/s/ Jay S. Jump*

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Todd F. Hertzberg
Hertzberg Law Firm of Arkansas, P.A.
4285 N Shiloh Dr, Ste 108
Fayetteville, AR  72703

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| FIRST CLASS | FIRST CLASS | CASE INFO |
|---|---|---|
| CREDIT ACCEPTANCE<br>CO BRETT ROBERTS CEO<br>25505 W 12 MILE RD<br>SOUTHFIELD MI 48034 | SANTANDER CONSUMER USA<br>CO SCOTT POWELL PRESIDENT<br>1601 ELM ST STE 800<br>DALLAS TX 75201 | LABEL MATRIX FOR LOCAL NOTICING<br>08615<br>CASE 5-19-BK-72293<br>WESTERN DISTRICT OF ARKANSAS<br>FAYETTEVILLE<br>THU AUG 22 07-56-54 CDT 2019 |
| ATT MOBILITY<br>PO BOX 536216<br>ATLANTA GA 30353-6216 | AARON SALES   LEASE OWNERSHIP<br>1015 COBB PLACE BLVD NW<br>KENNESAW GA 30144-3672 | ADVANCE AMERICA<br>3101 LUSK DR STE 109<br>NEOSHO MO 64850-2010 |
| AMER MNGT SCVS<br>PO BOX 44069<br>OKLAHOMA CITY OK 73144-1069 | ARKANSAS REGIONAL THERAPY SERVICES<br>2758 MILENNIUM<br>FAYETTEVILLE AR 72703-4798 | BANK OF AMERICA<br>PO BOX 15220<br>WILMINGTON DE 19886-5220 |
| CBELL FINANCE<br>83977 HIGHWAY 59<br>STILWELL OK 74960-6450 | CREDIT ACCEPTANCE<br>PO BOX 513<br>SOUTHFIELD MI 48037-0513 | CREDIT ONE BANK<br>6801 S CIMARRON RD<br>LAS VEGAS NV 89113-2273 |
| DIAMOND FINANCE<br>2128 N YELLOWOOD AVE<br>BROKEN ARROW OK 74012-9101 | ERNEST B CAMPBELL<br>1363 S DEERFIELD WAY<br>FAYETTEVILLE AR 72701-7456 | FIRST PREMIER BANK<br>601 S MINNESOTA AVE<br>SIOUX FALLS SD 57104-4868 |
| FREEDOM ADVANCE<br>2886 HWY 412<br>COLCORD OK 74338-1487 | GLOBAL LOANS   COLCORD<br>2246 US HWY 412<br>COLCORD OK 74338-0000 | MIDLAND FUNDING<br>CO STEPHEN LAMB ESQ<br>PO BOX 1027<br>BEEBE AR 72012-1027 |
| PROGRESSIVE INSURANCE<br>6300 WILSON MILLS RD<br>CLEVELAND OH 44143-2182 | PROGRESSIVE LEASING<br>256 WEST DATA DRIVE 413310<br>DRAPER UT 84020-2315 | REGIONS BANK<br>PO BOX 11407<br>BIRMINGHAM AL 35246-0100 |
| SANTANDER CONSUMER USA<br>PO BOX 961245<br>FORT WORTH TX 76161-0244 | SECURITY FINANCE<br>PO BOX 3146<br>SPARTANBURG SC 29304-3146 | SIMMONS BANK<br>PO BOX 7009<br>PINE BLUFF AR 71611-7009 |
| SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 | T MOBILE<br>C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | US DEPARTMENT OF EDUCATIONGL<br>2401 INTERNATIONAL POB 7859<br>MADISON WI 53707-7859 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

```
UNIVERSITY OF ARKANSAS              WASHINGTON REGIONAL CLINIC       WEBBANKFINGERHUT
1 UNIVERSITY ARKANSAS               3215 N NORTHHILLS BLVD           6250 RIDGEWOOD RD
214 ARKANSAS UNION                  FAYETTEVILLE AR 72703-4424       SAINT CLOUD MN 56303-0820
FAYETTEVILLE AR 72701-0000


WORLD FINANCE CORPORATION
PO BOX 6429
GREENVILLE SC 29606-6429
```

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0861-5<br>Case 5:19-bk-72293<br>Western District of Arkansas<br>Fayetteville<br>Thu Aug 22 07:56:54 CDT 2019 | Fayetteville Division<br>U.S. Bankruptcy Court<br>35 E. Mountain St., Ste. 316<br>Fayetteville, AR 72701-5352 | 72CV-18-2281<br>Washington County Circuit Court<br>280 N College St. 401<br>Fayetteville, AR 72701-4279 |
| AT&T Mobility<br>PO Box 536216<br>Atlanta, GA 30353-6216 | Aaron Sales & Lease Ownership<br>1015 Cobb Place Blvd N.W.<br>Kennesaw, GA 30144-3672 | Advance America<br>3101 Lusk Dr Ste 109<br>Neosho, MO 64850-2010 |
| Amer Mngt Scvs<br>PO Box 44069<br>Oklahoma City, OK 73144-1069 | Arkansas Regional Therapy Services<br>2758 Milennium<br>Fayetteville, AR 72703-4798 | Bank of America<br>PO Box 15220<br>Wilmington, DE 19886-5220 |
| (c)BELL FINANCE<br>83977 HIGHWAY 59<br>STILWELL OK  74960-6450 | Chexsystems<br>Attn:  Consumer Relations<br>7805 Hudson Rd Ste 100<br>Saint Paul, MN 55125-1703 | Credit Acceptance<br>PO Box 513<br>Southfield, MI 48037-0513 |
| Credit Collection (Progressive<br>PO Box 607<br>Norwood, MA 02062-0607 | Credit One Bank<br>6801 S. Cimarron Rd.<br>Las Vegas, NV 89113-2273 | Diamond Finance<br>2128 N. Yellowood Ave<br>Broken Arrow, OK 74012-9101 |
| Enhanced Recovery<br>PO Box 57547<br>Jacksonville, FL 32241-7547 | Equifax<br>PO Box 9701<br>Allen, TX 75013-9701 | Ernest B Campbell<br>1363 S. Deerfield Way<br>Fayetteville, AR 72701-7456 |
| Experian<br>PO Box 4500<br>Allen, TX 75013-1311 | First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104-4868 | Freedom Advance<br>2886 Hwy 412<br>Colcord, OK 74338-1487 |
| Global Loans - Colcord<br>2246 US Hwy 412<br>Colcord, OK 74338-0000 | Hertzberg Law Firm of Arkansas, P.A.<br>4285 N. Shiloh Drive STE 108<br>Fayetteville, AR 72703-5351 | LVNV Funding<br>c/o Resurgent Capital Services<br>PO Box 1269<br>Greenville, SC 29602-1269 |
| Midland Funding<br>c/o Stephen Lamb, Esq.<br>PO Box 1027<br>Beebe, AR 72012-1027 | Midland Funding LLC<br>PO Box 2001<br>Warren, MI 48090-2001 | Progressive Insurance<br>6300 Wilson Mills Rd<br>Cleveland, OH 44143-2182 |
| Progressive Insurance<br>c/o Credit Collection Service<br>P.O. Box 607<br>Norwood, MA 02062-0607 | Progressive Leasing<br>256 Est Data Drive<br>Draper, UT 84020 | Progressive leasing<br>256 West Data Drive 413310<br>Draper, UT 84020-2315 |

| | | |
|---|---|---|
| Regions Bank<br>PO Box 11407<br>Birmingham, AL 35246-0100 | Resurgent Capital<br>PO Box 19034<br>Greenville, SC 29602-9034 | Santander Consumer USA<br>PO Box 961245<br>Fort Worth, TX 76161-0244 |
| Security Finance<br>PO Box 3146<br>Spartanburg, SC 29304-3146 | Shareika M Campbell<br>1363 S. Deerfield Way<br>Fayetteville, AR 72701-7456 | Simmons Bank<br>PO Box 7009<br>Pine Bluff, AR 71611-7009 |
| (p)SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 | (p)T MOBILE<br>C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | Trans Union<br>PO Box 2000<br>Chester, PA 19016-2000 |
| U.S. Trustee (ust)<br>Office Of U. S. Trustee<br>200 W Capitol, Ste. 1200<br>Little Rock, AR 72201-3618 | US Department of Education/GL<br>2401 International POB 7859<br>Madison, WI 53707-7859 | University of Arkansas<br>1 University Arkansas<br>214 Arkansas Union<br>Fayetteville, AR 72701-0000 |
| Washington Regional Clinic<br>3215 N Northhills Blvd<br>Fayetteville, AR 72703-4424 | Webbank/fingerhut<br>6250 Ridgewood Rd<br>Saint Cloud, MN 56303-0820 | World Finance Corporation<br>PO Box 6429<br>Greenville, SC 29606-6429 |
| Joyce Bradley Babin<br>Chapter 13 Standing Trustee<br>P.O. Box 8064<br>Little Rock, AR 72203-8064 | Todd F. Hertzberg<br>HERTZBERG LAW FIRM OF ARKANSAS, P.A.<br>4285 N. Shiloh Dr.<br>Suite 108<br>Fayetteville, AR 72703-5351 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Sprint<br>PO Box 4191<br>Carol Stream, IL 60197-0000 | TMobile<br>PO Box 53410<br>Bellevue, WA 98015-0000 |

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Bell Finance
1737 Hwy 59 S
Stilwell, OK 74960

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Shareika M Campbell
1363 S. Deerfield Way
Fayetteville, AR 72701-7456

End of Label Matrix
Mailable recipients    46
Bypassed recipients     1
Total                  47